IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>BLUESTEM SYSTEMS, LLC<br><br>Debtor. | Case No. BK 26-81186-BSK<br>(Chapter 11)<br><br>MOTION TO DETERMINE DEBTOR'S STATUS AS A SINGLE ASSET REAL ESTATE DEBTOR AND TO REQUIRE DEBTOR TO COMPLY WITH SECTION 362(d)(3) OF THE BANKRUPTCY CODE |

COMES NOW Settje Agri-Services & Engineering Inc., and PorkPro Investments, LLC, secured creditors and parties in interest (collectively, the "Movants") and move the Court for an order determining that the Debtor is a Single Asset Real Estate debtor as that term is defined in 11 U.S.C. § 101(51B) and to require the Debtor to comply with Section 362(d)(3) of the Bankruptcy Code. In support hereof, it is shown to the Court as follows:

1. On October 7, 2026, Bluestem Systems, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (Doc. No. 1). In Part 7 of its voluntary petition, the Debtor did not describe its business as Single Asset Real Estate and instead checked "None of the above." (Doc. No. 1 at 2).The voluntary petition was filed on the eve of an execution sale scheduled for October 8, 2026.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O).

**The Movants and Their Claims**

3. The Debtor is the record owner of a tract of land comprising a part of the SW 1/4 of Section 17, Township 21 North, Range 4 East of the 6th P.M., Cuming County, Nebraska, consisting of approximately 21.29 acres (the "Property").

4. Rabo AgriFinance, LLC ("Rabo") loaned the Debtor up to $4,012,850.00 under a Construction Line of Credit 1 Note dated December 10, 2020 (the "Note"), secured by a Deed of Trust, Assignment of Rents and Security Agreement recorded December 29, 2020, as Instrument No. 202002029 (the "Deed of Trust"), encumbering the Property and its leases, easements, and rents.

5. The Debtor failed to pay the Note at maturity and Rabo agreed to forbear from collection until March 31, 2026.

6. On February 13, 2026, PorkPro purchased the Note, the Deed of Trust, and the related loan documents from Rabo under a Loan Purchase Agreement.

7. Rabo endorsed the Note to PorkPro by Allonge and assigned the Deed of Trust to PorkPro by an assignment recorded February 26, 2026, as Instrument No. 202600225. PorkPro is the holder of the Note and the beneficiary of the Deed of Trust.

8. The Debtor did not pay the Note by March 31, 2026, and on April 8, 2026, PorkPro recorded a Notice of Default and Election to Sell with the Register of Deeds of Cuming County, Nebraska, as Instrument No. 202600450, commencing a nonjudicial foreclosure of the Property.

9. As of September 28, 2026, there is due and owing on the Note the principal and interest sum of $4,662,718.10 and interest continues thereafter at the variable default rate of the SOFR One-Month Term plus 12.80%.

10. On February 17, 2026, the District Court of Cuming County, Nebraska, in Case No. CI 21-108, entered judgment against the Debtor in favor of Settje Agri-Services & Engineering Inc. ("Settje") in the amount of $650,000.00, plus post-judgment interest, on Settje's claim for breach of contract.

11. As of October 7, 2026, there is owing on the judgment the sum of $622,501.81 and interest accrues at the judgment rate of 5.6120% thereafter.

12. In addition to the foregoing judgment, the District Court of Cuming County, Nebraska, in Case No. CI 21-108, entered an additional judgment against the Debtor in favor of Settje in the amount of $3,046.00 as a sanctions award.

13. Settje levied execution on its judgment, and an execution sale was set for October 8, 2026.

**The Debtor's Business**

14. The Debtor's single asset is the Property. The Property consists of 21.29 surveyed acres, improved with two 102'x 599' hog finishing buildings with a 35' by 84' building in the middle. A holding pond handles the livestock waste from the facility. Permitted capacity of the facility is 15,000 head of swine over 55 pounds.

15. The Debtor leases the Property and its improvements to Platte Center West, LLC (the "Tenant") pursuant to a Lease dated as of October 1, 2020. The Debtor assigned the Lease to Rabo and Rabo assigned the Lease to PorkPro.

16. The Tenant raises swine on the Property. The Debtor does not own or raise the swine that are on the Property.

17. The Debtor is the beneficiary of an Easement for Land Application of Livestock Manure dated November 3, 2020, which was assigned to Rabo and Rabo assigned to PorkPro The easement exists to serve the Property and is incidental to the operation of the Property.

18. The Debtor is also the beneficiary of an Easement Deed for Ingress and Egress dated August 23, 2021, which was assigned to Rabo and Rabo assigned to PorkPro. Like the manure easement, the Easement Deed for Ingress and Egress exists solely to serve the Property and is incidental to its operation.

19. Upon information and belief, the Debtor has no employees and conducts no business on the Property other than leasing the Property to the Tenant.

**The Debtor Is a Single Asset Real Estate Debtor.**

20. The term "single asset real estate" means "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." 11 U.S.C. § 101(51B).

21. Courts in the Eighth Circuit apply a three-part test to determine whether a case is a single asset real estate case (a "SARE"): "(1) the debtor must have real property constituting a single property or project (other than residential real property with fewer than 4 residential units), (2) which generates substantially all of the gross income of the debtor, and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto." *In re Iowa Hotel Investors, LLC*, 464 B.R. 848, 851 (Bankr. N.D. Iowa 2011). To qualify as a SARE a debtor must engage only in the business of operating the real property and activities incidental to that business. *Id.* The

dispositive question is whether the debtor operates an active business on the property rather than serving as a mere passive income generator. Id. at 851, 853.

22. A SARE means "a building or buildings which were intended to be income producing, or raw land," and that "[a] related consideration is whether the real estate is used in the operation of a business or whether it is simply held for income." *In re Prairie Hills Golf & Ski Club, Inc.*, 255 B.R. 228, 229 (Bankr. D. Neb. 2000). A debtor that owns improved real estate which it leases to a third party and does nothing else is a SARE. *In re BowlNebraska*, No. BK09-83398-TJM, 2010 WL 1428843 (Bankr. D. Neb. Mar. 17, 2010). Courts focus on whether the debtor is conducting substantial other business activity on the property.

23. The term "single asset real estate" has long referred to "real estate entities attempting to cling to ownership of real property in a depressed market . . . rather than businesses involving manufacturing, sales or services." *Iowa Hotel Investors*, 464 B.R. at 851 (quoting *In re CBJ Dev., Inc.*, 202 B.R. 467, 471 (B.A.P. 9th Cir. 1996)).

24. The Property is not residential real estate.

25. The Property generates substantially all the gross income of the Debtor.

26. The Debtor is not a "family farmer".

27. The Debtor conducts no substantial business on the Property other than the business of leasing the Property to the Tenant.

28. The Movants reserve the right to supplement or amend this Motion as additional information is obtained, whether through the Debtor's filings, testimony at the meeting of creditors, discovery, or otherwise, and further reserve all other rights and remedies, including the right to seek relief from the automatic stay under 11 U.S.C. § 362(d), to object to any designation or election by the Debtor, and to seek dismissal or conversion of this case.

WHEREFORE, Settje Agri-Services & Engineering Inc. and PorkPro Investments, LLC respectfully request that the Court enter an order determining that the Debtor is a single asset real estate debtor as defined in 11 U.S.C. § 101(51B) and that the Debtor is subject to 11 U.S.C. § 362(d)(3) and granting such other and further relief as the Court deems just and equitable.

DATED: October 9, 2026

SETTJE AGRI-SERVICES & ENGINEERING
INC. and PORKPRO INVESTMENTS, LLC.

By: /s/ Richard P. Garden, Jr.
Richard P. Garden, Jr. - #17685
Elijah J. Poferl, #28289
233 South 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508-2095
(402) 474-6900
rgarden@clinewilliams.com
epoferl@clinewilliams.com
Attorneys for Settje Agri-Services &
Engineering Inc. and PorkPro Investments,
LLC

NOTICE UNDER NEB. R. BANKR. P. 9013-1

NOTICE IS HEREBY GIVEN that this Motion is being furnished to all parties in interest pursuant to Nebraska Rule of Bankruptcy Procedure 9013-1 and that any objection or resistance with respect to the foregoing Motion must be filed with the Clerk of the United States Bankruptcy Court, 460 Federal Building, 100 Centennial Mall North, Lincoln, Nebraska 68508 and served upon Richard P. Garden, Jr., 233 South 13 Street, Suite 1900, Lincoln, Nebraska 68508-2095 on or before October 30, 2026 (the "Resistance Date").

Any resistance shall be filed pursuant to Local Rule 9013(B). If a resistance is not filed and served by the Resistance Date, the Court will consider ruling on the matter without further notice or hearing.

/s/ Richard P. Garden, Jr.
Richard P. Garden, Jr.

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

/s/ Richard P. Garden, Jr.
Richard P. Garden, Jr.